The Chief Justice
delivered the opinion.
Fitznugu having obtained a decree in (he Nelson circuit court against Joba Handley for l 535 11 8, Handley appealed to this court.
Pending the appeal Handley died, and it was revived in the name of his administrators, and on a hearing in this court, the decree of the circuit court was affirmed.
A copy of tbe opinion and decree of this c-,urt was after-wards entered upon the records of !hat court, and Fitz-bugb, thereupon, caused an execution to be issued upon tbe original decree against the administrators, without having previously revived the decree against them. Tee execution so issued was replevied by Handlev’s administrators, who afterwards moved tbe court to quash the execution and replevin bond, opon tbe ground that the execution had been improvideotly and erroneously issued against them, without a revival of the decree being first had, but the court overruled their motion. Subsequently thereto, and after tbe court, next after the emanation of the first execution on the replevin bond, Handley’s administrators sued out a writ of error, coram vobis, w.ith super-sedeas, having obtained an order from a judge for that purpose, and assigned for error that the execution and re-plevin bond were erroneous, in as much as there was tio decree against them and no revival against them of tire *562 decree against Handley. Filzbugh pleaded in nulla til, erratum, and on the trial the circuit court dismissed the writ of error with ten per cent, damages and costs, from which Handley’s administrators have appealed to this court.
It is irregular to sue out ^in^an'ad m’r ment against an intestate ⅛ a°revivor in the appellate court n^does not revive the jugWt in the court balow
We have no doubt that the execution was erroneously issued against the administrators. The decree against l^e’r *ntesiate cou^ n0*’ according-to the settled rules of authorize an execution against them unless it had been revived against them, and we cannot admit that the revival of the appeal in this court could, as was contended ^le argument by Fitzhugh’s counsel, have the effect of reviving the decree. The revival of appeals and writs of depends upon a rule of practice, adopted by this cour^> which was intended for the mere purpose of enabling the court, with propriety,.to hear and decide opon ⅛⅜ errors assigned, and it cannot and ought not to have a more extended operation. To give it the effect of reviving a judgment or decree, when affirmed, would contravene the established rules of law and thereby deprive the representative, against whom i-t was revived, of important advantages secured to him by those rules, over which we have no power. Thus, for example, on a scire facias t© revive the judgment against the executor or administrator, he might plead payment or a release, or other matter, in discharge of the judgment, or-t bat he had no assets, or had fully administered : but if, when the judgment is affirmed, after the appeal or writ of error has been revived in this court, an execution may go against him, without a scire facias to revive the judgment of the court below against him, he will be deprived of all opportunity of availing himself of any such matter of defence ; for it is evident he could not plead it in this court, and upon the hypothesis assumed he would hav-e no opportunity of doing so ⅛ the court below, in fact, although the appeal or writ of error may have been revived in this court, the judgment, when affirmed, remains unaltered, and is still a judgment against the testator or intestate, and not against the executor or administrator. An execution against the latter, therefore, upon such a judgment, before it was revived by scire facias, would be an execution without any judgment to warrant it, and an execution which issues in pursuance of no judgment to warrant it, is, unquestionably, erroneous. But it is objected, as a motion to quash the *563 execution and replevin bond had been before made for tbe same cause which is in this case assigned for error, that the decision of the court, overruling that motion, precludes tbe plaintiffs from maintaining their writ of error.
That a former motion to quash a re-plevin bond had been o-verruted before issuing a writ o ' error co ram vobis, precludes an appeal from the jugirent on file writ of error corum vobis, must be pleaded in br.r, but the objection is unavailable on the plea in millo est erratum, which submits the whole matter of law to the app’ate court.
In writs of error coram vobis, the pleadings should be in writing.
That a writ of coram vobis sho’d be su’d first co’rt affir ,9SUirg the first exe-cuhononthe ⅛ available objection on|y where corni^S^d: of is in the act of the ther cdficer** netCfor an execution having issu’d judgment.
The objection would, no doubt, have been a formidable one, if it had been pleaded in bar of the writ of error, but instead of doing so tbe defendant in error has pleaded innullo est erratum, which is in the nature of a demurrer to the assignment of error, and at Once refers the matter of law, arising thereon, to the judgment of the court.— The only question, therefore, involved in the plea, Was, whether the error assigned was sufficient to quash the execution and replevin bond, and the defendant, obviously, could not with propriety avail himself of any collateral or intrinsic matter of defence.
The position assumed in the argument, that pleading in writing was not necessary, is, we apprehend, wholly untenable. At common law pleading in writing was certainly necessary, and we are aware of no statutory provision which has dispensed with its necessity in courts of error, eoram vobis. And if the position, that pleading in writing is not necessary, be untenable, it will follow that the consequence attempted to be deduced from it that the objection in question may, notwithstand the plea ofinnui-lo est erratum, be taken advantage of ore tenus, must also fail.
But another objection is taken to the right of the plaintiffs to maintain their writ of error, on the ground that it was not sued out before the first court next after the issu-kig of the first execution on the replevin bond. In support ©f this objection tbe fifth section of the act concerning writs of error, in certain cases, is relied on. 3 Litt. ¾2 But the provisions of that section, when taken in connex-ion with those which precede it, manifestly relate only to writs of error, eoram vobis, prosecuted for some error in a forth coming or replevin bond, or in the sheriff or other officer taking (he same. And the writ of error in this case is prosecuted, not for any error of that sort, but for an error in the execution upon which the replevin bond was taken, or rather for an error in the emanation of t he execution without any judgment to warrant it, and consequently the provision of tbe section relied on cannot operate as a bar to tbe prosecution of the writ of error.
The judgment of the circuit court, dismissing the writ *564 of error, must be reversed with costs and tbe cause remanded, that a judgment may be entered quashing the execution a-id replevin boud and the subsequent proceedings thereon.
Bibb <⅝ Crittenden tor appellants, Hardin contra.